**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4783**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JEFFORY HARRISON,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
Chief District Judge.  (3:09-cr-00234-1)

Submitted:  April 22, 2014            Decided:  April 25, 2014

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D.
Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant.  R.
Booth Goodwin II, United States Attorney, Lisa G. Johnston,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffory Harrison appeals the twenty-four-month sentence imposed following the revocation of his term of supervised release. Before this court, Harrison asserts several bases for his contention that this sentence is plainly unreasonable. For the reasons that follow, we reject his arguments and affirm the revocation judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal.[*] United States v. Crudup, 461 F.3d 433, 437-38 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. Id. at 438.

A revocation sentence is procedurally reasonable if the district court has considered both the policy statements

---

[*] Harrison concedes that this is the controlling standard of review in this circuit, but seeks to preserve the issue for further review by noting the existence of a circuit split as to the appropriate standard.

contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors identified in 18 U.S.C. § 3583(e) (2012). Id. at 439. The district court must also explain the chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

If, after considering the above, we decide that the sentence is reasonable, we will affirm. Id. at 439. Only if we find the sentence to be procedurally or substantively unreasonable will we evaluate whether it is "plainly" so. Id.

Against these well-established principles, we readily conclude that Harrison's sentence is reasonable. The sentence is within the two-year statutory maximum authorized for the underlying Class C felony offense that resulted in the supervised release order. See 18 U.S.C. §§ 3559(a)(3), 3583(e)(3) (2012); 18 U.S.C. § 924(*l*) (2012). Our review of the record confirms that the district court considered the advisory policy statement range of three to nine months' imprisonment, the calculation of which was not disputed in the district court and is not challenged on appeal, and heard the parties'

arguments regarding the appropriate sentence to be imposed. Furthermore, the district court drew upon the § 3553(a) factors enumerated in § 3583(e) in sentencing Harrison. The transcript makes clear that, despite the court's prior lenient treatment and strong admonitions, Harrison simply could not (or would not) abide by the terms of his supervised release. The court's decision to impose the statutory maximum in this case was driven by Harrison's repeated drug use, his ongoing failure to present himself for drug testing at the pre-assigned time and place, and his non-compliance with his drug treatment plan. We thus cannot accept Harrison's claim that his sentence is "unduly punitive." (Appellant's Br. at 8); see Crudup, 461 F.3d at 440 (holding that imposition of statutory maximum term of imprisonment was substantively reasonable, given that the district court expressly relied on defendant's "admitted pattern of violating numerous conditions of his supervised release," despite numerous extensions of leniency by the district court).

Harrison also argues that the revocation sentence is unreasonable because it "does nothing to address the source of Harrison's problems on supervised release — his drug use." (Appellant's Br. at 8). But this argument fails to acknowledge the court's continuous efforts to aid Harrison in overcoming his substance abuse issues, all of which he spurned. As the district court noted, the probation office did everything within

4

its power to help Harrison conquer his addiction, but it was incumbent upon Harrison to avail himself of the treatment options secured for and provided to him, which he would not do. By the time he last appeared in court, there simply was nothing left for the court to do in this vein.

Finally, Harrison suggests that the purpose of supervised release — "to ease a defendant's transition back into the community" — would have been better served by "[a] much shorter sentence[.]" (Appellant's Br. at 9). We reject this argument as it improperly conflates the purposes that underlie the imposition of a term of supervised release in the first instance with the purpose for penalizing the defendant's violation of those terms. The revocation sentence is designed to punish the defendant's failure to abide by the terms of his supervised release, see Crudup, 461 F.3d at 438 ("'[T]he sentence imposed upon revocation [is] intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision.'" (alteration in original) (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b))), and the district court's comments make plain that it chose the twenty-four-month sentence to sanction Harrison's substantial breach of the trust and leniency that the court previously afforded him.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED